**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SUMIK TAN, a.k.a. Sumik, | No. 12-71194 |
| Petitioner, | Agency No. A088-091-688 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013**

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Sumik Tan, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Tan's experiences, even considered cumulatively, do not rise to the level of past persecution. *See id.* at 1059; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment and one beating unconnected with any particular threat did not compel finding of past persecution). Substantial evidence also supports the BIA's determination that, even under a disfavored group analysis, Tan failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 979-80 (9th Cir. 2009). Consequently, her asylum claim fails.

Because Tan failed to demonstrate eligibility for asylum, it follows she did not satisfy the more stringent standard for withholding of removal. *See id.* at 980 n.7.

**PETITION FOR REVIEW DENIED.**

12-71194